UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| VERDELL SHEARD, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )    No.: 13-4114-SLD |
| | ) |
| JAMES BAILEY, | ) |
| | ) |
|        Defendant. | ) |

### ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff, a former prisoner, proceeds *pro se* on a complaint he filed while incarcerated at the Vandalia Correctional Center. The action brought pursuant to 42 U.S.C. § 1983, alleges that Defendant James Bailey, an officer at the Rock Island County Jail, exerted unnecessary excessive force against him. Defendant denied the claim and has filed a Motion for Summary Judgment, [ECF 43]. Plaintiff filed a one-page response, requesting that the Court "grant a lie detector" and asserting that "all charges were dropped per the judge". He filed an amended response at [ECF 49] to which Defendant file a combined Response/Motion to Strike [ECF 50]. For the reasons indicated herein, Defendant's Motion for Summary Judgment [ECF 43] is GRANTED.

### MATERIAL FACTS

On December 26, 2011, Plaintiff was arrested by the Rock Island City Police and transported to the Rock Island County Jail. Defendant alleges that the police department had called ahead advising jail personnel that Plaintiff was combative. Defendant's superior, Sgt. Lindsey, made the decision to place Plaintiff in a restraint

1

chair upon arrival. Defendant Bailey was one of several officers who received Plaintiff at the jail sally port and escorted him into the building. Defendant denies using excessive force and asserts that his interactions with Plaintiff were without harm or incident. He states, further, that to the best of his recollection neither he, nor the other officers, had tasers on their person at the time.

Defendant provides a video recording taken at the time of the transfer. It shows Plaintiff being taken out of the police vehicle and handed over to the custody of jail personnel. There is a marking in the video, which identifies Defendant Bailey. The video shows Defendant Bailey and other officers escorting Plaintiff down a hallway to holding cell number two. During this time, Plaintiff makes several "Ouch" comments as if in pain. He does not, however, state the location of the pain and the cause is not evident in the video. There is no evidence that jail personnel did anything to cause this response.

When Plaintiff is placed in a restraint chair, he reacts in considerable pain. Again, he does not verbalize the location of the pain but he seems to be complaining about his hands which are cuffed behind his back. Defendant has identified the officers attending Plaintiff as Officer Vroman, Officer Sandholm and Defendant Bailey. The officers are in clear view at this time and do not appear to be doing anything to exacerbate Plaintiff's pain. The officers are seen restraining Plaintiff's legs and then removing the handcuffs. As the officers remove the handcuffs, Plaintiff screams out. There is no indication that the officers injured Plaintiff or did anything untoward while removing the handcuffs. It is unclear why Plaintiff

experienced such pain due to the removal of the handcuffs.  Further, Plaintiff evidenced minimal pain when led into the jail and down the hall with his hands cuffed behind his back. The video ends with Plaintiff calmly secured in the restraint chair.  All of the officers leave the cell and the camera goes dark.

The Court's observations of the video reveal that the Defendant and the other officers were courteous and professional in their treatment of Plaintiff.   One female officer, in fact, appears to sooth Plaintiff by speaking to him kindly, telling him "everything is OK."  There is no evidence of a taser being used, or of any harm being inflicted upon Plaintiff.

Defendant Bailey and Sgt. Lindsey have provided affidavits asserting that they do not believe that they were in possession of tasers on the day in question. Defendants assert that the video corroborates that the attending officers did not have tasers.  While the Court cannot clearly confirm this, it notes that there is no video evidence of a taser being used.  Defendant alleges, and Plaintiff does not dispute, that these events took place approximately 1:13 a.m., the morning of December 26, 2011. The record indicates that charges were not filed for the incident which led to the arrest, and Plaintiff was released from custody at 3:30 p.m. that same day. [ECF 43-3 pp. 1, 3].

Plaintiff has filed a response [ECF 49], in which he does not dispute the contents of the video.  Interestingly, he does not claim that the video inaccurately portrays the events or that the officer turned off the video and then harmed him. Defendant has moved to strike the response as it contains a supporting letter from

Plaintiff's mother, not in affidavit form, as well as a series of medical records for emergency room treatment received two days later, on December 28, 2011.

## LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant if entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 7477 U.S. 317, 322-23 (1986). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "'must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is

4

not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 250.

## ANALYSIS

To sustain an Eighth Amendment of excessive force the Plaintiff must show that officials used force "maliciously and sadistically for the very purpose of causing harm," or, with "a knowing willingness that [harm] occur." *Hudson v. McMillian*, 503 U.S.1, 6–7 (1992) (internal quotation marks and citation omitted). This is so as prison officials often make decisions "'in haste, under pressure, and frequently without the luxury of a second chance.'" *Id.* at 6, 7. Generally, excessive force cannot be predicated upon a showing of *de minimis* force. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

The video produced by Defendant does not support Plaintiff's claim that he was subjected to excessive force. Plaintiff has filed two responses and does not claim, in either, that video inaccurately portrays the events. Plaintiff claims in his response, however, that he had burn marks on his face and a fractured nose, apparently as a result of Defendant's alleged conduct. Plaintiff has provided an unverified letter from his mother, asserting that she saw burn marks on Plaintiff's face after his release from the jail. [ECF 49 p. 3]. Plaintiff also provides the December 28, 2011, emergency room records from Trinity Regional Health Systems, in support of his injury claims. [ECF 49 pp. 4-15; 49-1 pp. 1-8].

The Trinity Regional Health Systems records indicate that Plaintiff reported to the emergency room on December 28, 2011, and gave the history of having been

5

injured when the "police kicked the door in." This, presumably, would be a reference to the Rock Island Police Department rather than the County jail staff. The medical records further indicate that Plaintiff had a laceration above his left eye and claimed that he had been tased in the abdomen at the jail. In his complaint and response to the Motion for Summary Judgment, however, Plaintiff alleged that he had been tased in the face, not the abdomen, and did not claim an injury to his eye. Plaintiff also told hospital personnel that he had sustained a head injury, presumably at the jail, which caused him to lose consciousness for two hours. The hospital personnel responded by ordering a CT of the head, CT of the face, and thoracic spine x-rays, the results of which were all negative.

The history which Plaintiff provided to medical personnel is inconsistent with the allegations of his complaint. Plaintiff did not plead a head injury, two hour loss of consciousness, eye laceration, or tasing of the abdomen. Conversely, the injury he alleged in his complaint, having been tased in the face, is not borne out where he makes no such claim in the medical records. Furthermore, the records do not identify that Plaintiff suffered any burns to his face. In addition, the history he gave, at one point at least, attributes his injuries to the actions of the city police rather than the Defendant jail officer.

Here, Plaintiff has produced medical records in which he gives a history of injury inconsistent with the complaint and his response to the summary judgment motion. Furthermore, the video which he does not controvert, shows, at best, only a *de minimis*

use of force.  *See Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) ("fairly comprehensive" video supported finding of no excessive force).

Plaintiff utterly fails to identify a triable issue of fact to support that Defendant Bailey tased him in the face while he was restrained in a chair.  Even though Plaintiff is the non-moving party, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").  *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015) citing *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Accordingly, Defendant's Motion for Summary Judgment [ECF 43], is GRANTED.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Summary Judgment [ECF 43] is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff. This case is terminated, with the parties to bear their own costs.  All deadlines, internal settings and pending motions are vacated.

2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

3) If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith.  *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an

7

appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this 9th day of November, 2016

                                                     _____s/Sara Darrow_____
                                                       SARA DARROW
                                        UNITED STATES DISTRICT JUDGE